# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:   Hortense C. Tippett<br>             Debtor<br><br>Wilmington Savings Fund Society, FSB, not individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2019-HB1, or its Successor or Assignee<br>             Movant<br>         vs.<br><br>Kenneth E. West, Trustee<br>Hortense C. Tippett<br>             Respondents | Chapter 13<br>Bankruptcy No. 24-11685-amc |

### SETTLEMENT STIPULATION

WHEREAS, on May 16, 2024, Hortense C. Tippett (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on April 21, 2025, Wilmington Savings Fund Society, FSB, not individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2019-HB1 (Movant) filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding property located at: 346 Congress Avenue, Lansdowne, Pennsylvania 19050;

WHEREAS, Movant and the Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, MARISA M. COHEN, ESQUIRE, and ANDREW M. LUBIN, ESQUIRE, and the Debtor, by and through his/her counsel, Michael A. Cibik, Esquire, ("Debtor's Counsel") as follows:

1.    The parties hereby certify that the post-petition delinquency is $8,733.42, consisting of payments for Taxes and Insurance, please see breakdown of total due below:

| Type | Amount | Date of Payment |
|---|---|---|
| Hazard Insurance (11/13/2024 – 11/13/2025) | $1,214.36 | 12/20/2024 |
| School District Tax | $4,258.65 | 12/09/2024 |
| Township Tax | $3,260.41 | 12/09/2024 |

    2.    Since the filing of the Motion for Relief, Movant has incurred attorney fees and costs totaling $1,549.00, thereby increasing the post-petition delinquency to $10,282.42.

    3.    Within thirty (30) days of the date of this Stipulation, the Debtor shall file an Amended Chapter 13 Plan to provide cure for the balance of the post-petition delinquency in the amount of $10,282.42 as referenced in Paragraph 2 of this Stipulation.

    4.    Upon filing of the Amended Chapter 13 Plan, Movant shall amend its Proof of Claim to include the balance of the post-petition delinquency in the amount of $10,282.42 as referenced in Paragraph 2 of this Stipulation.

    5.    Debtor shall remain current on their taxes and insurance in regards to the subject property.

    6.    All payments are to be made payable to Wilmington Savings Fund Society, FSB, not individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2019-HB1 at the following address: 3900 Capital City Boulevard, Lansing, Michigan 48906.

    7.    The last four digits of your loan number 9648. Please remember to write your entire account number on the lower left-hand corner of your payment to ensure proper processing.

    8.    Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to, failure to file an Amended Chapter 13 Plan providing for cure of the post-petition delinquency, or failure to maintain taxes or insurance, then Movant may send Debtor and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

9. In the event the Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to a Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send Notice of Default and certify default as set forth in the preceding paragraph.

10. Attorney fees and costs for issuing Notice to Cure, Notice / Certificate / Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

11. Counsel for Debtor has authority to settle this matter on behalf of his/her clients.

Marisa M. Cohen, Esquire
Andrew M. Lubin, Esquire
McCabe, Weisberg & Conway, LLC
1420 Walnut Street
Suite 1501
Philadelphia, PA 19102
Attorney for Movant

May 15, 2025
Date


/s/ **Michael A. Cibik**
Michael A. Cibik, Esquire
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, Pennsylvania 19102
Attorney for Debtor

May 15, 2025
Date


/s/ **Jack K. Miller, Esquire    for**

Kenneth E. West
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

  May 16, 2025
Date

**I have no objection to its terms, without prejudice to any of our rights and remedies.**